# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA LORENA RIOS-VIVERO, | § § | |
| Petitioner, | § § | CASE NO. 4:25-cv-05829 |
| v. | § § § | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § § § § | |
| Respondents. | § | |

## FEDERAL RESPONDENTS' OPPOSED MOTION TO TRANSFER, OR ALTERNATIVELY, TO DISMISS

Named Respondents file this Motion to Transfer, or Alternatively, to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and show as follows:

### SUMMARY

At the time that Petitioner Laura Lorena Rios-Viveros filed her 28 U.S.C. § 2241 habeas petition, she was detained outside this District. Thus, this Court has no jurisdiction to consider her petition, and this Court should transfer this case to the district in which she is detained—the Western District of Louisiana. Moreover, Petitioner challenges her placement in expedited removal proceedings through this habeas case, but that claim is now moot. Immigration Customs Enforcement is in the process of removing her from expedited removal proceedings, making her claim moot. Thus, this Court should transfer this case to the proper district. Alternatively, it should dismiss for lack of subject matter jurisdiction.

**ARGUMENT**

I. **This Court Does Not Have Jurisdiction Because Petitioner is Not Detained in the Southern District of Texas**

At the time that Petitioner filed her habeas petition pursuant to 28 U.S.C. § 2241 she was detained at the South Louisiana ICE Processing Center in Basile, Louisiana. Complaint, ¶¶ 5, 8 ("She is currently detained at the South Louisiana ICE Processing Center in Basille, Louisiana."). She continues to be detained in Louisiana. This Court only has jurisdiction to consider petitions filed under 28 U.S.C. § 2241 to those that arise "within their respective jurisdictions." *Pena Ramirez v. Noem*, No. CV H-25-5484, 2025 WL 3443186, at *1 (S.D. Tex. Dec. 1, 2025). And for "core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam). While the Fifth Circuit has not specifically addressed this issue in the context of a habeas petition filed by a noncitizen pending removal, this Court "has consistently found that the proper district for filing of the petition is the district of confinement and the proper respondent is the warden of the facility where the petitioner is being held." *Pena Ramirez*, 2025 WL 3443186, at *1; *see also, e.g., Sanchez Puentes v. Garite*, No. EP-25-cv-00127-DB, 2025 WL 1203179, at *10 (W.D. Tex. Apr. 25, 2025); *Medina v. Joyce*, No. CV 20-1777, 2020 WL 5072732, at *4 (E.D. La. Aug. 26, 2020).

Because Petitioner is detained in Louisiana, this Court does not have jurisdiction to hear this habeas petition. Thus, this case should be transferred to the U.S. District Court for the Western District of Louisiana.

## II. This Court Also Does Not Have Jurisdiction Because Petitioner's Claims are Moot

Even if this Court finds that it has jurisdiction over the Petition despite her detention in Louisiana, her claims are moot. The Petition argues that Rios-Viveros was unlawfully placed in expedited removal proceedings. *See* Petition, ¶ 4 ("Judicial review is permitted under 8 U.S.C. § 1252(e)(2), which authorizes habeas review to determine whether expedited removal was lawfully applied."). The Petition claims that this Court has jurisdiction because it "challenges DHS's unlawful invocation of expedited removal." Petition, ¶ 5.

At the time of this filing, ICE is in the process of removing Rios-Viveros from expedited removal proceedings and placing her in INA 240 proceedings. Due to the expedited answer deadline for this habeas case, undersigned counsel will supplement the record once documentation supporting this placement has been issued. INA 240 proceedings is the relief requested through the Petition. *See* Petition, ¶ 54 ("The INA 240 full removal proceedings apply under INA 240… instead of expedited removal…."). Thus, there is no longer a live controversy or remedies that can be provided by the Court.

Moreover, to the extent that the Petition challenges the revocation of Petitioner's parole status, such claim is an improper challenge to the discretionary decision of the agency. Parole is not status in the U.S. or authorization to stay in the U.S. without consequence. It can be terminated at any time. *See* INA 212(d)(5)(A) ("The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, **but such parole of such alien shall not be regarded as an admission of the alien** and when the purposes of such parole

shall, in the opinion of the Secretary of Homeland Security, have been served **the alien shall forthwith return or be returned to the custody from which he was paroled** and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.") (emphasis added).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court transfer this case to the Western District of Louisiana, or alternatively, dismiss for lack of subject matter jurisdiction.

Dated: December 12, 2025

Respectfully submitted,
NICHOLAS J. GANJEI
United States Attorney

By: */s/ Lisa Luz Parker*
Lisa Luz Parker, Attorney-in-Charge
Assistant United States Attorney
Texas Bar No. 24099248
Southern District No. 3495931
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9489
Fax: (713) 718-3303
E-mail: lisa.luz.parker@usdoj.gov

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Petitioner on December 12, 2025 regarding the relief requested in this Motion. Petitioner is opposed to all forms of relief requested.

> */s/ Lisa Luz Parker*
> Lisa Luz Parker
> Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on December 12, 2025, the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

> */s/ Lisa Luz Parker*
> Lisa Luz Parker
> Assistant United States Attorney