United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAURA LORENA RIOS-VIVERO, § § Petitioner, § § VS. § U.S. DEPARTMENT OF HOMELAND § SECURITY, *et al.*, § § Respondents. § § § | CIVIL ACTION NO. 4:25-CV-05829 |

## ORDER

Before the Court is Petitioner Laura Lorena Rios-Vivero's Petition for Writ of Habeas Corpus (ECF No. 1). After considering the briefing and the applicable law, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). To the extent Respondents' Supplemental Briefing (ECF No. 20) constitutes a Motion to Dismiss, the Motion to Dismiss is **DENIED**.

The following facts are not in dispute. Petitioner is a citizen of Columbia who entered the United States on May 16, 2022. ECF No. 1 at ¶ 16. The same day, she was paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A)[1] and required to periodically report to ICE. ECF No. 1, Ex. A (Parole Authorization). Petitioner reported as required and did not violate the conditions of her release. ECF No. 1 at ¶ 18. Petitioner filed an application for asylum with USCIS and was granted work authorization while her application was pending. ECF No. 1, Exs. E, F. At her regularly scheduled ICE check-in on October 29, 2025, Petitioner was informed that her pending asylum

---

[1] This section is referenced in the Petition as INA § 212(d)(5)(A).

application and parole had been "terminated," placed into Expedited Removal proceedings under 8 U.S.C. § 1225(b)(1), and taken into custody. ECF No. 1 at ¶ 25.

Since this Petition was filed on December 4, 2025, Respondents indicate that Petitioner has been taken out of Expedited Removal proceedings and issued a Notice to Appear in regular removal proceedings before an Immigration Judge. *See* ECF No. 10, Ex. 1. At a hearing on January 5, 2026, the Court denied Respondents' Motion to Transfer or Alternatively to Dismiss for lack of jurisdiction (ECF No. 9) and ordered both parties to provide supplemental briefing on the question of whether Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or discretionary detention under § 1226(a). *See* Minute Entry of January 6, 2026. The Court has now received briefing from both parties.

Respondents indicate that Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 20. But for the reasons previously articulated by this Court and by numerous other District Courts in the Southern District of Texas and across the country, the Court has determined that Petitioner is properly subject to 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2). *See Mendez Velazquez v. Noem*, 4:25-cv-04527 (S.D. Tex. Oct. 30, 2025) (Ellison, J.); *Rivera-Henriquez v. Tate*, 4:25-CV-045436, (S.D. Tex. Sep. 26, 2025); *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Fuentes v. Lyons et al.*, 25-cv-00153 (S.D. Tex. Oct. 16, 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). The Court is persuaded by the reasoning in these decisions.

It is hereby **ORDERED** that Respondents provide Petitioner with a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a) within seven days, that is, by January 20, 2026,

or else release Petitioner. It is further **ORDERED** that Respondents update the Court on the status of the bond hearing on January 22, 2026. All relief not explicitly granted is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on January 13, 2026.

Keith P. Ellison
United States District Judge